# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| DEFENDERS OF WILDLIFE;<br>CENTER FOR BIOLOGICAL DIVERSITY;<br>DAVID PARSONS; and<br>WOLF CONSERVATION CENTER,<br><br>　　　　Plaintiffs,<br>　v.<br><br>SALLY JEWELL, SECRETARY OF THE INTERIOR,<br>And UNITED STATES FISH AND<br>WILDLIFE SERVICE,<br><br>　　　　Defendants,<br>　　and;<br><br>PROTECT AMERICANS NOW,<br>COLORADO FARM BUREAU,<br>NEW MEXCIO FARM & LIVESTOCK BUREAU<br>UTAH FARM BUREAU, and<br>COALITION OF ARIZON AND NEW MEXICO<br>COMMUNITIES FOR STABLE ECONOMIC GROWTH<br><br>　　　　Intervenors. | Civ. No. 14-02472 |

_____

## ANSWER OF INTERVENORS

COMES NOW, the Intervenors, and file their Answer to the Complaint as follows:

1.　　Paragraph 1 is Plaintiffs' characterization of the Complaint to which no response is required. To the extent a response is required, the Intervenors deny the averment contained in Paragraph 1 of the Complaint.

2.　　Paragraph 2 is Plaintiffs' characterization of the Complaint to which no response is required. To the extent a response is required, the Intervenors deny the averment contained in Paragraph 2 of the Complaint.

3.      Paragraph 3 is Plaintiffs' characterization of the Complaint to which no response is required. To the extent a response is required, the Intervenors deny the averment contained in Paragraph 3 of the Complaint.

4.      Intervenors deny the averments contained in Paragraph 4 of the Complaint.

5.      Intervenors are without sufficient information to admit or deny the averments contained in Paragraph 5 of the Complaint and therefore deny same.

6.      Intervenors are without sufficient information to admit or deny the averments contained in Paragraph 6 of the Complaint and therefore deny same.

7.      Intervenors deny the averments contained in Paragraph 7 of the Complaint.

## JURISDICTION AND VENUE

8.      Paragraph 8 is Plaintiffs' assertion of jurisdiction and venue to which no response is required.  To the extent a response is required, the Intervenors are without sufficient information regarding Plaintiffs claims to admit or deny the averments contained in Paragraph 8 and therefore deny same.

9.      Intervenors are without sufficient information to admit or deny the averments contained in Paragraph 9 of the Complaint and therefore deny same.

10.     Intervenors deny the averments contained in Paragraph 10 of the Complaint.

11.     Intervenors deny the averments contained in Paragraph 11 of the Complaint.

## PARTIES

12.      Intervenors are without sufficient information to admit or deny the averments contained in Paragraph 12 of the Complaint and therefore deny same.

13.     Intervenors are without sufficient information to admit or deny the averments contained in Paragraph 13 of the Complaint and therefore deny same.

14.     Intervenors are without sufficient information to admit or deny the averments contained in Paragraph 14 of the Complaint and therefore deny same.

15.     Intervenors are without sufficient information to admit or deny the averments contained in Paragraph 15 of the Complaint and therefore deny same.

16.     Intervenors are without sufficient information to admit or deny the averments contained in Paragraph 16 of the Complaint and therefore deny same.

17.     Intervenors are without sufficient information to admit or deny the averments contained in Paragraph 17 of the Complaint and therefore deny same.

18.     Intervenors are without sufficient information to admit or deny the averments contained in Paragraph 18 of the Complaint and therefore deny same.

19.     Intervenors are without sufficient information to admit or deny the averments contained in Paragraph 19 of the Complaint and therefore deny same.

20.     Intervenors admit the averments in Paragraph 20 of the Complaint.

21.     Intervenors admit the averments in Paragraph 21 of the Complaint.

22.     Paragraph 22 contains recitations and statements of law to which not response is required.  Intervenors assert that the referenced provisions of law speak for themselves, and deny averments inconsistent with such cited laws.

23.     Paragraph 23 contains recitations and statements of law to which not response is required.  Intervenors assert that the referenced provisions of law speak for themselves, and deny averments inconsistent with such cited laws.

24.     Paragraph 24 contains recitations and statements of law to which not response is required.  Intervenors assert that the referenced provisions of law speak for themselves, and deny averments inconsistent with such cited laws.

25.     Paragraph 25 contains recitations and statements of law to which not response is required.  Intervenors assert that the referenced provisions of law speak for themselves, and deny averments inconsistent with such cited laws.

26.     Paragraph 26 contains recitations and statements of law to which not response is required.  Intervenors assert that the referenced provisions of law speak for themselves, and deny averments inconsistent with such cited laws.

27.     Paragraph 27 contains recitations and statements of Agency policy to which not response is required.  Intervenors assert that the referenced provisions of policy speak for themselves, and deny averments inconsistent with such cited laws.

28.     Intervenors are without sufficient information to admit or deny the averments contained in Paragraph 28 of the Complaint and therefore deny same.

29.     Intervenors are without sufficient information to admit or deny the averments contained in Paragraph 29 of the Complaint and therefore deny same.

30.     Intervenors are without sufficient information to admit or deny the averments contained in Paragraph 30 of the Complaint and therefore deny same.

31.     Intervenors are without sufficient information to admit or deny the averments contained in Paragraph 31 of the Complaint and therefore deny same.

32.     Intervenors deny the averments contained in Paragraph 32 of the Complaint.

33.     Intervenors are without sufficient information to admit or deny the averments contained in Paragraph 33 of the Complaint and therefore deny same.

34.     Intervenors admits to the accuracy of the recitation of the DEIS as written in sentence 2 of Paragraph 34 of the Complaint.  Intervenors are without sufficient

information to admit or deny the remaining averments contained in Paragraph 34 of the Complaint and therefore deny same.

35.     Intervenors admit sentence 1 of Paragraph 35 of the Complaint.  Intervenors are without sufficient information to admit or deny the remaining averments contained in Paragraph 35 of the Complaint and therefore deny same.

36.     Intervenors affirmatively state that 78 Fed. Reg. 35,664, 35,704 (June 13, 2013) speaks for itself.  Intervenors are without sufficient information to admit or deny the remaining averments contained in Paragraph 36 of the Complaint and therefore deny same.

37.     Intervenors affirmatively state that to the extent Plaintiffs recite provisions of Federal Register notices and DEIS, such published notices and documents speak for themselves.  Intervenors are without sufficient information to admit or deny the remaining averments contained in Paragraph 37 of the Complaint and therefore deny same.

38.     Intervenors affirmatively state that to the extent Plaintiffs recite provisions of Federal Register notices and DEIS, such published notices and documents speak for themselves.  Intervenors are without sufficient information to admit or deny the remaining averments contained in Paragraph 38 of the Complaint and therefore deny same.

39.     Intervenors are without sufficient information to admit or deny the averments contained in Paragraph 39 of the Complaint and therefore deny same.

40.     Intervenors affirmatively state that to the extent Plaintiffs recite provisions of Federal Register notices and DEIS, such published notices and documents speak for

themselves.  Intervenors are without sufficient information to admit or deny the remaining averments contained in Paragraph 40 of the Complaint and therefore deny same.

41.     Intervenors affirmatively state that to the extent Plaintiffs recite provisions of Federal Register notices, such published notices speak for themselves.  Intervenors are without sufficient information to admit or deny the remaining averments contained in Paragraph 41 of the Complaint and therefore deny same.

42.     Intervenors affirmatively state that to the extent Plaintiffs recite provisions of a published DEIS, such publication speaks for itself.  Intervenors are without sufficient information to admit or deny the remaining averments contained in Paragraph 42 of the Complaint and therefore deny same.

43.     Intervenors are without sufficient information to admit or deny the averments contained in Paragraph 43 of the Complaint and therefore deny same.

44.     Intervenors affirmatively state that to the extent Plaintiffs recite provisions of a published federal statutes and Federal Register notices, such publications speak for themselves.  Intervenors are without sufficient information to admit or deny the remaining averments contained in Paragraph 44 of the Complaint and therefore deny same.

45.     Intervenors affirmatively state that to the extent Plaintiffs recite provisions of a published Agency reports, such publications speak for themselves.  Intervenors are without sufficient information to admit or deny the remaining averments contained in Paragraph 45 of the Complaint and therefore deny same.

46.     Intervenors deny sentences 1 and 2 of Paragraph 46 of the Complaint.  Intervenors are without sufficient information to admit or deny the averments in sentences 3 and 4 of Paragraph 46 of the Complaint and therefore deny same.  Intervenors affirmatively state that to the extent the averments in Paragraph 46 recite published Agency documents, such documents speak for themselves.  Intervenors deny the remaining averments contained in Paragraph 46 of the Complaint.

47.     Intervenors affirmatively state that to the extent the averments in Paragraph 47 recite published Agency documents, such documents speak for themselves.  Intervenors are without sufficient information to admit or deny the averments in Paragraph 47 of the Complaint and therefore deny same.

48.     Intervenors deny the averments contained in sentence 1, sentence 2 and sentence 4 of Paragraph 48 of the Complaint.  Intervenors are without sufficient information to admit or deny the remaining averments contained in Paragraph 48 of the Complaint and therefore deny same.

49.     Intervenors deny the averments contained in Paragraph 49 of the Complaint.

50.     Intervenors deny the averments contained in Paragraph 50 of the Complaint.

51.     Intervenors deny the averments contained in Paragraph 51 of the Complaint.

52.     Intervenors deny the averments contained in sentences 1, 2 and 3 of Paragraph 52 of the Complaint.  Intervenors affirmatively state that to the extent that remaining averments accurately recite published articles and/or guidance, such guidance speaks for itself. Intervenors deny the remaining averments in Paragraph 52 of the Complaint.

53.     Intervenors are without sufficient information to admit or deny the averments in Paragraph 53 of the Complaint and therefore deny same.

54.     Intervenors are without sufficient information to admit or deny the averments in Paragraph 54 of the Complaint and therefore deny same.

55.     Intervenors are without sufficient information to admit or deny the averments in Paragraph 55 of the Complaint and therefore deny same.

56.     Intervenors are without sufficient information to admit or deny the averments in Paragraph 56 of the Complaint and therefore deny same.

57.     Intervenors are without sufficient information to admit or deny the averments in Paragraph 57 of the Complaint and therefore deny same.

58.     Intervenors deny the averments in Paragraph 58 of the Complaint.

59.     Intervenors deny the averments in Paragraph 59 of the Complaint.

60.     Intervenors deny the averments in Paragraph 60 of the Complaint.

61.     Intervenors deny the averments in Paragraph 61 of the Complaint.

62.     Intervenors affirmatively state that to the extent the averments in Paragraph 62 recite published Agency documents or Federal Register notices, such documents speak for themselves.  Intervenors deny the remaining averments in Paragraph 62 of the Complaint.

63.     Intervenors affirmatively state that to the extent the averments in Paragraph 63 recite *published* Agency documents, such documents speak for themselves.  Intervenors deny the remaining averments in Paragraph 63 of the Complaint.

64.     Intervenors deny the averments in Paragraph 64 of the Complaint.

65.     Intervenors are without sufficient information to admit or deny the averments in Paragraph 65 of the Complaint and therefore deny same.

66.     Intervenors are without sufficient information to admit or deny the averments in Paragraph 66 of the Complaint and therefore deny same.

67.     Intervenors are without sufficient information to admit or deny the averments in Paragraph 67 of the Complaint and therefore deny same.

68.     Intervenors are without sufficient information to admit or deny the averments in Paragraph 68 of the Complaint and therefore deny same.

69.     Intervenors are without sufficient information to admit or deny the averments in Paragraph 69 of the Complaint and therefore deny same.

70.     Intervenors are without sufficient information to admit or deny the averments in Paragraph 70 of the Complaint and therefore deny same.

71.     Intervenors deny the averments in Paragraph 71 of the Complaint.

72.     Intervenors admit the averments in Paragraph 72 of the Complaint.

73.     Intervenors affirmatively state that to the extent the averments in Paragraph 63 recite *published* Agency documents, such documents speak for themselves.  Intervenors deny the remaining averments in Paragraph 73 of the Complaint.

74.     Intervenors deny the averments in Paragraph 74 of the Complaint.

75.     Intervenors deny the averments in Paragraph 75 of the Complaint.

76.     Intervenors are without sufficient information to admit or deny the averments in Paragraph 76 of the Complaint and therefore deny same.

77.     Intervenors deny the averments in Paragraph 77 of the Complaint.

78.     Intervenors deny the averments in Paragraph 78 of the Complaint.

79.     Intervenors deny the averments in Paragraph 79 of the Complaint.

**FIRST CAUSE OF ACTION**
**(Violation of Endangered Species Act § 4(f), 16 U.S.C. § 1533(f))**

80.     Interveners reallege and incorporate their response to Paragraphs 1 through 79 as if fully set forth herein.

81.     Intervenors admit that Plaintiffs accurately recite the provision of § 1533(f)(1). Intervenors deny the remaining averments in Paragraph 81 of the Complaint.

82.     Intervenors admit that Plaintiffs accurately recite the provision of § 1533(f)(1)(B)(ii).  Intervenors deny the remaining averments in Paragraph 82 of the Complaint.

83.     Intervenors admit that FWS developed a document called the "Mexican Wolf Recovery Plan" in 1982 and affirmatively states such document speaks for itself. Intervenors deny the remaining averments in Paragraph 83 of the Complaint.

84.     Intervenors deny the averments in Paragraph 84 of the Complaint.

85.     Intervenors deny the averments in Paragraph 85 of the Complaint and affirmatively states that a recovery plan is not required for 10(j) experimental populations.

86.     Intervenors deny the averments in Paragraph 86 of the Complaint.

87.     Intervenors deny the averments in Paragraph 87 of the Complaint.

## SECOND CAUSE OF ACTION
### Agency Action Unlawfully Delayed or Unreasonably Withheld Under Administrative Procedure Act, 5 U.S.C § 706(1))

88.     Interveners reallege and incorporate their response to Paragraphs 1 through 77 as if fully set forth herein.

89.     Intervenors admit the legal conclusions and/or averment in Paragraph 89 of the Complaint.

90.     Intervenors deny the averment in Paragraph 90 of the Complaint.

91.     Intervenors deny the averment in Paragraph 91 of the Complaint.

92.     Intervenors deny the averment in Paragraph 92 of the Complaint.

93.     Intervenors deny the averment in Paragraph 93 of the Complaint and affirmatively

state that a recovery plan is not required for 10(j) experimental populations under the

ESA.

94.     Intervenors deny the averment in Paragraph 94 of the Complaint.

95.     Intervenors deny the averment in Paragraph 95 of the Complaint.

96.     Intervenors deny the averment in Paragraph 96 of the Complaint.

97.     Intervenors deny the averment in Paragraph 97 of the Complaint.

98.     Intervenors deny the averment in Paragraph 98 of the Complaint.

## REQUEST FOR RELIEF

Intervenors respond to Plaintiff's request for relief and respectfully asks the Court

to:

1.     Deny Plaintiffs' demand for a declaration that FWS is in violation of the

ESA, and issue a declaration that the ESA does not required a recovery plan for non-

essential experimental populations under section 10(j), as the the Mexican Wolf

population.

2.     Deny Plaintiff's mandamus request to order the FWS to issue a recovery plan for

the Mexican Gray Wolf;

3.     Deny Plaintiff's request for continuing jurisdiction upon dismissal with prejudice

of the pending matter;

4.     Deny Plaintiff's request for attorney fees, costs and expenses and grant attorney

fees and costs to Intervenors;

5.      Grant Intervenors such additional relief as the Court may deem just.

Respectfully submitted this 26th day of July, 2015.

*/s/ Dori E. Richards, Esq.*
Dori E. Richards, Esq.
dorierichards@gmail.com
(505)750-3060

*/s/ A. Blair Dunn, Esq.*
A. Blair Dunn, Esq.
abdunn@ablairdunn-esq.com
 (505)750-3060
*Attorneys for Intervenors*

Western Agriculture, Resource and
    Business Law Advocates
1801 Rio Grande Blvd., Unit C
Albuquerque, NM 87104

## CERTIFICATE OF SERVICE

I certify that on July 26, 2015, I caused the follow attorneys of record to be served with the Notice of Appearance, Motion in Intervention, Complaint in Intervention, and Memorandum of Law in Support of Motions to Intervene and to Dismiss, via the CM/ECF system:

*Attorneys for Plaintiffs Center for Biological Diversity, Endangered Wolf Center, Wolf Conservation Center and David R. Parsons*
Timothy J. Preso
Earthjustice
313 East Main Street
Bozeman, MT 59715
tpreso@earthjustice.org
Fax: (406) 586-9695 Phone: (406) 586-9699

Heidi McIntosh (Utah Bar No. 6277)
Earthjustice
633 17th Street, Suite 1600
Denver, CO 80202
hmcintosh@earthjustice.org
Fax: (303) 623-8083 Phone: (303) 623-9466

*Attorney for Sally Jewell, Secretary of the Department of the Interior*
Kevin William McArdle
U.S. Department of Justice
Environment & Natural Resources
P.O. Box 7369
Washington, DC 20044-7369
kevin.mcardle@usdoj.gov
Fax: 202-305-0275 Phone: 202-305-0219;

Nicole Marie Smith
US Dept of Justice
601 D St. NW
Washington, DC 20004
202-305-0368
Fax: 202-305-0275
nicole.m.smith@usdoj.gov

*/s/Dori E. Richards*